**DISMISS and Opinion Filed April 19, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-20-00625-CV**
_____

**DAY INVESTMENT GROUP, LLC, JASON MARTINEZ, AND ANGELA YAUN, Appellants**
**V.**
**COLBY DAUCH, BRIANNA DAUCH, AND WAYNE M. TAYLOR, AS SUBSTITUTE TRUSTEE, Appellees**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-02300-2020**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Reichek

This appeal follows the trial court's order dismissing, on appellees' Rule 91a motion, appellants' claims against appellees. *See* TEX. R. CIV. P. 91a (providing for dismissal of baseless causes of action). Because appellees requested attorney's fees in their motion and the trial court's dismissal order did not address that issue, we questioned our jurisdiction over the appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (subject to mostly statutory exceptions, appeal may only be taken from final judgment that disposes of all parties and claims).

In a jurisdictional letter brief filed at our request, appellants note one of their claims was for temporary injunctive relief, and the hearing which resulted in the interlocutory dismissal order was set as a temporary injunction hearing. They argue that, as a result, the dismissal order can be construed as an order denying their request for a temporary injunction. Because section 51.014(a) of the Texas Civil Practice and Remedies Code authorizes an appeal from an order denying a temporary injunction, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4), they maintain we have jurisdiction over the appeal. We disagree.

Although the clerk's record reflects the hearing was set as a temporary injunction hearing and the reporter's record reflects the trial judge orally denied appellants' request for a temporary injunction, the trial judge also orally granted the motion to dismiss, which sought dismissal of appellants' entire cause of action, and the appealed order mentions only the motion to dismiss. Further, the reporter's record reflects that the purpose of the hearing was to see if an agreement had been reached between the parties not whether injunctive relief should be granted. As reflected in the record, at an earlier hearing, of which no record was made, the trial judge informed the parties she did not believe appellants' pleadings had merit in law or in fact, but she would allow the parties an opportunity to try to resolve the dispute on their own. At the hearing that led to the dismissal, counsel for the parties discussed the bases for their positions and what transpired between the two hearings, but no evidence was presented in support of or against the injunction. *See Operation*

*Rescue-Nat'l v. Planned Parenthood of Houston & Se. Tex.,* 975 S.W.2d 546, 560 & n.56 (Tex. 1998) ("[A] trial court has no discretion to grant injunctive relief . . . without supporting evidence.").

We conclude, on the record before us, that the appealed order is not an order denying a request for a temporary injunction but is an unappealable interlocutory order granting a motion to dismiss under rule 91a. *See Art Inst. of Chicago v. Integral Hedging, L.P.*, 129 S.W.3d 564, 570 (Tex. App.—Dallas 2003, no pet.) (rejecting argument that, because application for temporary injunction seeking to enjoin use of partnership assets for payment of attorney's fees had been filed, interlocutory order directing court-appointed receiver to pay attorney's fees out of receivership assets was appealable as order denying request for temporary injunction where "the form of the order [was] a direction or authorization to the receiver" not order denying temporary injunction and trial court did not complete temporary injunction hearing). Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

200625F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DAY INVESTMENT GROUP, LLC, JASON MARTINEZ, AND ANGELA YAUN, Appellants

No. 05-20-00625-CV          V.

COLBY DAUCH, BRIANNA DAUCH, AND WAYNE M. TAYLOR, AS SUBSTITUTE TRUSTEE, Appellees

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-02300-2020.

Opinion delivered by Justice Reichek, Justices Schenck and Carlyle participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellees Colby Dauch, Brianna Dauch, and Wayne M. Taylor, as substitute trustee, recover their costs, if any, of this appeal from appellants Day Investment Group, LLC, Jason Martinez, and Angela Yaun.

Judgment entered April 19, 2021.